UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:25-CR-00123-1-DCLC-CRW |
| | ) | |
| CHRISTOPHER RHODES | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Chrsitopher Rhodes's Appeal of Order of Detention Pending Trial [Doc. 19] and the United States' Response in Opposition [Doc. 20]. For the reasons herein, the Court will affirm United States Magistrate Judge Wyrick's decision to detain Mr. Rhodes pending trial.

Mr. Rhodes is autistic and has intellectual disabilities, and he has continuously resided with his adoptive parents at their home. *See* [Suppl. to Det. Hr'g, Doc. 15, at 3]. Under 18 U.S.C. § 3145(b),[1] he now appeals Magistrate Judge Wyrick's decision to detain him pending trial on a charge of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a), and attempted sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(e). Neither party objects to Magistrate Judge Wyrick's recitation of the facts or the evidence, *see* [*id.* at 1–3], so the Court adopts and incorporates her findings of fact as if fully set forth herein.

---

[1] A defendant may contest a magistrate judge's detention order under 18 U.S.C. § 3145(b), which states: "If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." 18 U.S.C. § 3145(b).
  A motion for the revocation of a detention order is tantamount to an interlocutory appeal under Federal Rule of Criminal Procedure 58(g)(2)(A). *United States v. Hernandez*, No. 1:02–CR–006, 2002 WL 1377911, at *3 (E.D. Tenn. Feb. 27, 2002). The Court has license to grant Mr. Rhodes the relief he requests. *See* E.D. Tenn. L.R. 72.4(b) ("In those cases where an interlocutory appeal is taken within 14 days as provided in Federal Rule of Criminal Procedure 58(g)(2)(A) . . . . [t]he district judge may . . . affirm, modify, or reverse the magistrate judge's decision or order, or remand the case to the magistrate judge for further proceedings.").

Mr. Rhodes faces a statutory rebuttable presumption of detention because the federal grand jury's indictment includes a charge under § 2251. *See* 18 U.S.C. § 3142(e)(3)(E) (stating that a rebuttable presumption of detention arises when "there is probable cause to believe" that a defendant committed an offense involving a minor victim and including § 2251 as one such offense); *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) ("A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged. . . . [A]n indictment including charges listed in section 3142(e)(3)" therefore "establish[es] the presumption in favor of detention." (citation omitted)).

To rebut the presumption, Mr. Rhodes must produce evidence that he is not a danger to the public or a risk of flight. *United States v. Mercedes*, 254 F.3d 433, 436 (6th Cir. 2001). If Mr. Rhodes rebuts the presumption by meeting his burden of production, the presumption does not disappear but becomes one of several factors that the Court must weigh under 18 U.S.C. § 3142(g). *Id.* Those factors are (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant,[2] (3) the defendant's history and characteristics, and (4) the nature and seriousness of the danger that the defendant's release would present to any person or the public. 18 U.S.C. § 3142(g)(1)–(4). Even in a case in which the presumption applies to a defendant, the United States retains the ultimate burden of establishing, by clear and convincing evidence, that the defendant's release would endanger the public. 18 U.S.C. § 3142(f); *Stone*, 608 F.3d at 946.

Magistrate Judge Wyrick found that Mr. Rhodes failed to present evidence rebutting the presumption of detention and that, even if he had rebutted the presumption, no conditions

---

[2] "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948 (citation omitted).

of release would reasonably ensure the public's safety. [Suppl. to Det. Hr'g. at 4]. In making these findings, she rejected Mr. Rhodes's contention that his parents—who adopted him at a young age—could serve as suitable third-party custodians if she were to order his release. She cited evidence showing that Mr. Rhodes had engaged in sexually explicit acts with a fifteen-year-old minor victim in the home where he and his parents reside, and neither of his parents was aware that the minor victim was even there. [*Id.* at 2, 4]. She also cited evidence showing that his father is severely hard of hearing, [*id.* at 2], and she reasoned that "it would not be particularly difficult for Defendant to leave the residence or have someone else in the residence without being heard," [*id.* at 4]. In addition, she cited evidence showing that, even with no Wi-Fi in the home, "it would be far easier for Defendant to gain access [to the internet] without [his parents'] knowledge" because neither of his parents "are savvy users of the internet, computers or social media." [*Id.* at 4].

Mr. Rhodes now disputes Magistrate Judge Wyrick's conclusion that his parents would not serve as acceptable third-party custodians. The Court reviews her detention order under a de novo standard of review, *United States v. Romans*, No. 00–5456, 2000 WL 658042, at *1 (6th Cir. May 9, 2000); *United States v. Villegas*, No. 3:11–CR–28, 2011 WL 1135018, at *4 (E.D. Tenn. Mar. 25, 2011); *United States v. Yamini*, 91 F. Supp. 2d 1125, 1128 (S.D. Ohio 2000), which requires it "to give fresh consideration" to the issues before it, *United States v. Raddatz*, 447 U.S. 667, 675 (1980) (quotation omitted).

The Court fully agrees with Magistrate Judge Wyrick's analysis. The evidence that Mr. Rhodes's sexual exploitation of the fifteen-year-old minor victim occurred without his parents' knowledge in their very own home—the place where he now seeks to remain pending trial—shows that Mr. Rhodes is practiced at deceiving them. In addition, although his parents insisted

3

during the detention hearing that they would ensure Mr. Rhodes abides by any conditions of pretrial release, his mother testified that she was aware of Mr. Rhodes's relationship with a seventeen-year-old minor victim—whom he photographed and/or videoed in the shower—and discouraged it, but he persisted in the relationship anyway. [Suppl. to Det. Hr'g. at 2]. The evidence, then, shows not only that Mr. Rhodes is capable of deceiving his parents but also is capable of defying them. Magistrate Judge Wyrick, therefore, was understandably ill at ease in response to Mr. Rhodes's proposal that his release to his parents' custody would reasonably ensure the public's safety. *Cf. United States v. Phelps*, No. 2:20-CR-00074-2-JRG-CRW, 2021 WL 84534, at *4 (E.D. Tenn. Jan. 11, 2021) (determining that a proposed third-party custodian could not reasonably assure the defendant's appearance at trial because she "either knowingly acquiesced to Defendant trafficking large quantities of drugs or was unable to identify the signs that Defendant was engaged in this activity").

The Court is equally ill at ease. "Pornography offenses are not crimes of inadvertence, and they inflict a great harm on their victims." *United States v. Fox*, No. 17-3673, 2017 WL 11546291, at *2 (6th Cir. July 5, 2017); *see United States v. Hart*, 635 F.3d 850, 859 (6th Cir. 2011) (noting that "the crime of attempting to produce child pornography 'is a profoundly serious matter'" (quoting *United States v. Polk*, 546 F.3d 74, 77–78 (1st Cir. 2008))). "[A]ny future acts" by Mr. Rhodes therefore "would result in irreparable harm." *Fox*, 2017 WL 11546291 at *2.

The stakes for the public, then, are considerable, and those stakes—combined with the evidence of Mr. Rhodes's dangerousness to the public and his history of deceit and defiance in his relationship with his parents—militate against a finding that his release to his parents' custody can reasonably ensure the public's safety. And although Mr. Rhodes urges the Court to

4

consider the harm that he will possibly suffer from his detention, namely because he is autistic and intellectually disabled, that harm does not outweigh the danger to the public if the Court were to order his release under the framework that he proposes. *See Fox*, 2017 WL 11546291 at *2 ("Certainly, [the defendant] will suffer some harm from his detention. But that harm does not outweigh the danger to the public from his release." (citing *United States v. Salerno*, 481 U.S. 739, 748 (1987)). So having conducted a de novo review of the record, the Court agrees with Magistrate Judge Wyrick's Order of Detention Pending Trial [Doc. 14], and that order is hereby **AFFIRMED**.

    **SO ORDERED:**

                                                    s/ Clifton L. Corker
                                                  United States District Judge

5

Case 2:25-cr-00123-DCLC-CRW    Document 21    Filed 12/29/25    Page 5 of 5    PageID #: 55